(34 Misc. Rep. 211.)

## PEOPLE v. HARMON.

(Court of General Sessions, New York County.   February, 1901.)

GRAND LARCENY—INDICTMENT—DISMISSAL.

A motion to dismiss an indictment for grand larceny on the minutes of the grand jury will be granted, where it is shown that the accused and the prosecuting witness were partners in the transaction which led to the indictment, and that the only remedy of such witness against the accused is in a civil action for an accounting.

Archer Harmon was indicted for grand larceny.   Motion to dismiss on the minutes of the grand jury.   Indictment dismissed.

Eugene A. Philbin, Dist. Atty. (Thomas F. Byrne and Vernon M. Davis, of counsel), for the People.

James L. Bishop and Parsons, Shepard & Ogden, for defendant.

McMAHON, J.   In this case a motion has been pending to dismiss the indictment on the minutes of the grand jury.   A number of other papers were submitted, but I have considered the case wholly in connection with the evidence presented before the grand jury, and on that evidence I feel constrained to dismiss the indictment.   The ground upon which the indictment is dismissed is that the testimony taken before the grand jury evinces no evidence of criminality such as would warrant a conviction.   The transactions which led to the indictment would seem to constitute a co-partnership between the complainant and the defendant, and whatever remedy the party claiming to be aggrieved may have must be had in a civil court in an action for an accounting.   It has been suggested that the case might be renewed before a committing magistrate.   Under the circumstances, I think this would not be a proper proceeding.   It is not claimed on the part of the people that there is now any testimony tending to sustain an indictment which was not presented to the grand jury, and I do not think a committing magistrate would, under those circumstances, entertain the case.   The indictment was for grand larceny in the first degree, and the principal transactions which led to the finding of the indictment, as they appear upon the minutes of the grand jury, are as follows:

The defendant, Mr. Archer Harmon, had secured, or was about to secure, certain concessions from the government of the republic of Ecuador for the construction of the Guayaquil & Quito Railway.   He entered into negotiations with the banking firm of Dent, Palmer & Co., and also with the complaining witness, Mr. St. George Lane Fox-Pitt, with a view to floating the enterprise.   Visits were made by the representatives of the parties to Ecuador in the interest of the project.   Upon the return to this country, owing to differences between the banking firm of Dent, Palmer & Co. and Mr. Harmon, the nature of which is not disclosed, the bankers declined to continue their connection with the scheme, and suggested that they sell out their interest or purchase that of the defendant.   The complaining witness, Mr. Fox-Pitt, went to England, with a view to paying the interest of the external debt bonds of Ecuador, which was about to fall due in

January. After considerable negotiation, the defendant-purchased from the banking firm of Dent, Palmer & Co. $73,000 of stock held by them in the Guayaquil & Quito Railway Company. Some time previously, the defendant had agreed to share with this banking firm the $100,000 in bonds given to him as a bonus. Upon purchasing their stock, he insisted, and they conceded, that those bonds should be returned to him. The complaining witness, in the meantime, had authorized the defendant to purchase the Dent, Palmer & Co. stock at even a higher figure than it was bought for.

It is claimed upon the part of the complaining witness that the defendant failed to account to him, or with him, for his share or portion of the bonds or their proceeds returned by Dent, Palmer & Co., or for a portion of the stock acquired from them, and on this claim an indictment was found while the defendant was on his way from England to this country. It is very evident to my mind that there was a partnership between Mr. Fox-Pitt and Harmon for the floating and promotion of the railway scheme. In fact, in a letter addressed by Harmon to Fox-Pitt under the date of December 23, 1900, it is distinctly stated that such a partnership existed. On page 46 of the minutes of the grand jury, the following words appear, in a letter which was sent and duly received by Mr. Fox-Pitt, and by him presented to the grand jury: "These bonds, of course, go into the partnership arrangement as between you and myself, unless a portion of them have to be used to provide the money to take up the Dent, Palmer & Co. stock." There are other expressions in this letter and elsewhere to the same purport, and at no time have such assertions of partnership been denied by the complaining witness. Under these circumstances, the only redress which either party might have for alleged wrongdoing must be had in the civil courts in an action for an accounting.

It is further to be noted that the testimony of Mr. Fox-Pitt tends to establish the fact that he had purchased one-half of all the interests of the defendant in the proposed railway. It is not stated, however, whether that purchase was actually completed by the payment of money, or whether it was a mere contract or agreement. In either case, it would go towards establishing the partnership. It does appear that Mr. Fox-Pitt did pay out the January interest on the external debt bonds of the republic of Ecuador, amounting to £7,500. The last question asked of him in the grand jury room was: "Q. You stated that you paid this £7,500 interest on these bonds. Did you get this back? A. Yes." The inference naturally is that the only claim he can possibly have is for his share in the profits of the business in which both parties were engaged, and that cannot be recovered in a criminal court or by process of indictment. In dismissing the indictment, it is but fair to add that the proceedings were commenced in the district attorney's office just prior to a change in its administration and personnel, and continued after such change, thereby occasioning, perhaps, some confusion in the presentation of the evidence, which includes a number of voluminous letters and cables, in some instances recited from memory. The indictment is dismissed.

Indictment dismissed.